## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

### BECKLEY DIVISION

ROY KNIGHT,

      Petitioner,

v.                                         Case No. 5:20-cv-00329

WARDEN, FCI Beckley,[1]

      Respondent.

### MEMORANDUM OPINION and ORDER

Currently pending is Petitioner's Motion for the Appointment of Counsel, (ECF No. 1). For the following reasons, the Court **DENIES** the motion.

The Criminal Justice Act ("CJA"), 18 U.S.C. § 3006A, authorizes United States District Courts to appoint counsel to represent financially eligible individuals in habeas actions brought pursuant to 28 U.S.C. § 2241, "whenever the United States magistrate judge or the court determines that the interests of justice so require." 18 U.S.C. § 3006A(a)(2)(B). This standard is similar to the one applied in determining whether to appoint counsel in civil actions governed by 28 U.S.C. § 1915(e)(1), which states that the appointment of counsel rests within the discretion of the court. Petitioner has no constitutional right to counsel in this case. Whether counsel should be appointed depends upon several factors, including (1) the type and complexity of the case; (2) the ability of the litigant to adequately investigate and present his claim; (3) the likelihood of success

---

[1]Petitioner names the United States as Respondent; however, the Warden of the correctional facility having custody of Petitioner is the properly-named Respondent in a habeas proceeding. Therefore, the Clerk is directed to substitute the Warden of FCI Beckley as Respondent in this case.

on the merits of the application; and (4) the apparent need for an evidentiary hearing in order to resolve the case. *See, e.g. Whisenant v. Yuam*, 739 F.2d 160 (4th Cir. 1984) (abrogated on other grounds by *Mallard v. United States Dist. Court*, 490 U.S. 296 (1989)); *Hoggard v. Purkett,* 29 F.3d 469 (8th Cir. 1994).

Having reviewed the filings made by Petitioner to date, he appears capable of presenting his arguments. The issues are not particularly complex or novel; the likelihood of success cannot be determined based on what has been presented by Petitioner; and the need for an evidentiary hearing is not apparent at this time. Therefore, the appointment of counsel is not appropriate. Should circumstances change, or an evidentiary hearing become necessary, the Court will reconsider its ruling. It is so **ORDERED.**

In addition, as Petitioner has not submitted a completed § 2241 petition. Therefore, Petitioner is **ORDERED** to submit such a petition within **thirty days** of the date of this Order. Petitioner is advised that no action can be taken on his petition until he submits the completed form. The Clerk of Court is directed to provide a copy of this Order to Petitioner, as well as the relevant forms and instructions to file a § 2241 petition.

**ENTERED:**  May 26, 2020

Cheryl A. Eifert
United States Magistrate Judge