IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BECKLEY DIVISION

ROY KNIGHT,

       Petitioner,

v.                                   Case No. 5:20-cv-00329

WARDEN, FCI Beckley,

       Respondent.


## PROPOSED FINDINGS AND RECOMMENDATIONS

Pending before the Court are Roy Knight's *pro se* Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241, (ECF No. 6), Respondent's request to dismiss, (ECF No. 17), and Knight's motion for summary judgment. (ECF No. 20). This matter is assigned to the Honorable Frank W. Volk, United States District Judge, and by Standing Order has been referred to the undersigned United States Magistrate Judge for the submission of proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). Having thoroughly considered the record, the undersigned **FINDS** that Knight clearly is not entitled to relief; therefore, the undersigned **RECOMMENDS** that the § 2241 petition be **DENIED**; Respondent's request for dismissal be **GRANTED**; and this matter be **DISMISSED**, with prejudice, and removed from the docket of the Court.

I.    **Factual and Procedural History**

    *A. Conviction and Sentencing*

On May 8, 2003, while on supervised release, Knight was indicted by a federal grand jury in the Eastern District of Virginia ("Sentencing Court") on two counts:

conspiracy to distribute illegal drugs in violation of 21 U.S.C. § 846 ("§ 846") and distribution of illegal drugs. *USA v. Knight*, Case No. 3:03-cr-00163-JAG-1 (E.D. Va. Sept. 16, 2003); (ECF No. 17-8). On May 19, 2003, the government filed an information providing Knight with notice of its intent to seek an enhanced sentence based on Knight's prior felony drug offense conviction. (ECF No. 17-9). On May 29, 2003, Knight entered into a plea agreement whereby he agreed to plead guilty to Count One of the indictment, which charged him with conspiracy to distribute illegal drugs. The charge carried a mandatory minimum prison sentence of 20 years after factoring in the sentence enhancement. (ECF No. 17-10). On September 16, 2003, Knight was sentenced to 288 months imprisonment. (ECF No. 17-12). On October 6, 2003, his supervised release in a different criminal matter was revoked and he was sentenced to an additional 60 months in prison. (ECF No. 17-5).

### B.  Motions Under 28 U.S.C. § 2255

On October 21, 2004, Knight filed two motions to vacate, set aside, or correct his sentence pursuant to § 2255 in the Sentencing Court. (ECF Nos. 17-16, 17-17). In his first motion, he argued that his guilty plea was defective and that his counsel was ineffective for failing to raise an entrapment defense. He then asked the Sentencing Court to give him permission to amend his motion based on the outcome of a pending Supreme Court case. (ECF No. 17-16 at 9). In the second § 2255 motion, filed soon after, Knight contended that: (1) he did not knowingly waive his right to challenge the constitutionality of other prior convictions, (2) the government failed to prove beyond a reasonable doubt that he had possessed an illegal drug, and (3) the Sentencing Court erred by taking into account a prior conviction in calculating his sentence. (ECF No. 17-17 at 9–11). Later, Knight asked the Sentencing Court to dismiss his original § 2255 motion and accept the second

document in lieu of his first § 2255 motion. (ECF No. 17-18 at 2). On May 6, 2005, the Sentencing Court denied both motions, the first for lack of merit, and the second for lack of jurisdiction on the basis that Knight had not obtained permission from the United States Court of Appeals for the Fourth Circuit ("Fourth Circuit") to file a second motion. (*Id*. at 10).

### C.  Pending Motions in Sentencing Court

On May 15, 2020, Knight, with the assistance of counsel, filed a Motion to Reduce Sentence pursuant to § 404 of the First Step Act in the Sentencing Court. *Knight,* 3:03-cr-00163-JAG at ECF No. 78. Knight argues, in relevant part, that his sentence was calculated using a career offender enhancement that no longer applies. Knight relies upon the Fourth Circuit's decision in *United States v. Norman,* 935 F.3d 232 (4th Cir. 2019), which held that conspiracy to distribute a controlled substance categorically is not a "controlled substance offense" under the pertinent guidelines. Knight notes that his conspiracy charge was the basis for application of the career offender enhancement, and since a conspiracy conviction no longer triggers the enhancement, his sentence was wrongly calculated. (*Id.*). Two days later, Knight filed a similar motion in the criminal case that gave rise to his supervised release violation. *United States v. Knight,* 3:95-cr-00058-JAG at ECF No. 45. Both of these motions remain pending in the Sentencing Court.

### D.  Instant Petition Under § 2241

Knight initiated this action seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2241 on May 7, 2020, later filing a form petition and accompanying memorandum. (ECF Nos. 1, 6, 7). In his memorandum, Knight explains that he is seeking relief because his sentence was improperly enhanced based on his conspiracy conviction under § 846. (ECF

No. 7 at 1–2). He contends that under recent Supreme Court and Fourth Circuit caselaw, the offense for which he was convicted no longer qualifies as a controlled substance offense under the United States Sentencing Guidelines ("USSG") at § 4B1.1, which were mandatory at the time he was sentenced. (*Id.* at 1–6). Knight asserts that this claim is properly brought in a § 2241 petition, rather than a § 2255 motion, because he filed his "first and only" § 2255 motion many years before the relevant cases were decided. (*Id.* at 8–10). He maintains that he is unable to bring his claim in a § 2255 motion and should be allowed to seek relief under § 2241 given that his claim fits within the "savings clause" exception found in § 2255(e). (*Id.* at 11–13). Knight cites to the Fourth Circuit's decision in *United States v. Wheeler*, 886 F.3d 415, 429 (4th Cir. 2018), which sets out the test for determining whether a § 2241 claim qualifies under the savings clause. (*Id.* at 14). He argues that his claim qualifies under the four-pronged test in *Wheeler* because (1) his sentence was legal at the time it was imposed; (2) the settled law of the Fourth Circuit changed and the change applies retroactively on collateral review; (3) he could not bring his claim under § 2255 because the decisions he relies on are statutory, not constitutional; and (4) the error resulted in him receiving a lengthy career offender sentence under the mandatory USSG, rendering his sentence fundamentally defective. (*Id.* at 15–21).

In support of his claim, Knight relies largely upon the decisions in *Mathis v. United States*, 136 S. Ct. 2243 (2016), *Norman*, 935 F.3d 232, and *United States v. Whitley*, 737 F. App'x 147, 149 (4th Cir. 2018). (*Id.* at 21). In Knight's view, these cases establish the impropriety of his enhanced sentence under § 846, as they confirm that his conspiracy conviction does not qualify as a "controlled substance offense" for the purposes of the career offender guidelines. (*Id.* at 22–25). He asks the Court to vacate his sentence and impose it without the enhancements under 28 U.S.C. § 994(h), USSG § 4B1.1, and to set

4

aside the Grade A supervised release violation. (*Id.* at 27).

On July 7, 2020, the undersigned issued an order directing Respondent to answer Knight's petition. (ECF No. 8). Respondent provided his response on August 20, 2020. (ECF No. 12). Therein, Respondent alleges that Knight is "attempting to disguise his motion under § 2241" when it should be filed under § 2255. (*Id.* at 1). He claims that because Knight is challenging the "imposition of, rather than the execution of, his sentence," his claim must be reviewed under § 2255. (*Id.* at 4). While Respondent acknowledges that § 2255 contains a savings clause provision allowing petitioners to challenge detention through a § 2241 petition if § 2255 is inadequate or ineffective, he does not address the Fourth Circuit test under *Wheeler* for determining if a claim qualifies under the savings clause, concluding simply that the savings clause does not apply. (*Id.* at 4–6). Respondent requests that this Court dismiss Knight's petition or alternatively construe it as a motion under § 2255 and transfer the matter to the Sentencing Court. (*Id.* at 6).

On October 13, 2020, Knight filed a reply in support of his petition. (ECF No. 13). Knight reiterates that he is challenging the extension of his sentence based on his erroneous classification as a career offender, and asserts that, alternatively, he is innocent of a predicate offense required to sentence him under the enhancement scheme. (*Id.* at 1–2). He states that his claim does qualify under the savings clause because "a retroactive change in the law, occurring after the time for direct appeal and the filing of his first section 2255 motion, rendered his applicable mandatory minimum unduly increased, resulting in a fundamental defect in his sentence." (*Id.* at 3). He provides further analysis of his claim under the *Wheeler* factors, concluding that all requirements are met to allow him to proceed under § 2241. (*Id.* at 12–17).

In response to an order from the Court, (ECF No. 14), on March 9, 2021, Respondent submitted a supplemental brief directly addressing the issues raised in Knight's petition. (ECF No. 17). Therein, Respondent alleges that Knight's claim does not satisfy the requirements of the savings clause. (*Id*. at 5). Further, he argues that the Sentencing Court's classification of Knight as a career offender does not constitute plain error, which would entitle him to relief under § 2255. (*Id*. at 6). Relying on *Norman* and acknowledging the Sentencing Court's error, Respondent contends that although "it appears that if [Knight] was sentenced today, he would not be designated as a career offender, the law was unclear and unsettled at the time of [Knight's] sentencing in 2003." (*Id*. at 9–10).

Respondent next addresses the *Wheeler* factors. (*Id*. at 11–12). He concedes that Knight can satisfy the fourth prong of the test because his sentence was calculated using the USSG prior to the Supreme Court's decision in *United States v. Booker*, 543 U.S. 220 (2005), which rendered the previously-mandatory guidelines advisory. (*Id*. at 12–13). However, Respondent contends that Knight cannot satisfy the first or second prongs of *Wheeler*. With respect to the first prong, Respondent argues that the Fourth Circuit had not previously held that a conviction under § 846 qualified as a controlled substance offense, and in view of that lack of binding precedent on the matter, settled law did not establish the legality of Knight's sentence at the time it was imposed. (*Id*. at 13–14). As to the second prong, Respondent asserts that Knight cannot rely on *Mathis* and *Norman* as those decisions did not change substantive law and have not been made retroactively applicable on collateral review. (*Id*. at 14). Respondent reiterates his position that Knight's petition should be dismissed or construed as a § 2255 motion and transferred to the Sentencing Court. (*Id*. at 16). Finally, Respondent concludes that Knight's 60-month

sentence related to his supervised release violation in a different case is not affected by his classification as a career offender, and thus the sentence was proper. (*Id.* at 17–18).

On March 31, 2021, Knight filed a memorandum in opposition to Respondent's supplemental brief. (ECF No. 20). Knight takes issue with Respondent's characterization of the *Mathis* and *Norman* decisions as procedural rather than substantive. (*Id.* at 2). He restates the position that his claim satisfies all four parts of the *Wheeler* test, and further explains that the holding in *Norman* applies on collateral review. (*Id.* at 3–8). Next, Knight advances additional reasons why his claim should be allowed to proceed on a review of the merits. (*Id.* at 9). He asserts that he did not have a meaningful opportunity in the past to demonstrate that his sentence was erroneous, because *Mathis* and *United States v. McCollum*, 885 F.3d 300 (4th Cir. 2018) were not decided when he was sentenced. (*Id.* at 9–10). Finally, he asks for summary judgment on his claim that he is actually innocent of a predicate offense, pointing out that Respondent did not contest the claim and has failed to show that a genuine issue of material fact remains. (*Id.* at 12-13).

## II.  **Standard of Review**

Respondent requests that Knight's § 2241 petition be dismissed or, in the alternative, construed as a § 2255 motion and transferred to the Sentencing Court. Respondent does not articulate under which rule's authority he seeks dismissal, but, presumably, this request is made pursuant to Federal Rule of Civil Procedure 12(b)(1) or 12(b)(6). Because Respondent filed a Response concurrently with his request to dismiss, the motion technically should be considered as one for judgment on the pleadings under Federal Rule of Civil Procedure 12(c). *See Walker v. Kelly*, 589 F.3d 127, 139 (4th Cir. 2009). However, the distinction makes no practical difference as the same standard of review will apply, and motions under both 12(b) and 12(c) may be filed in habeas actions.

*Id.* at 138-39; *see also Martin v. U.S. Parole Comm'n*, No. CV PWG-17-3335, 2018 WL 2135009, at *1 (D. Md. May 9, 2018).

When deciding a motion for judgment on the pleadings, the court must accept all well-pleaded allegations of the petition as true and "draw all reasonable factual inferences" in favor of the petitioner. *See Massey v. Ojaniit*, 759 F.3d 343, 353 (4th Cir. 2014); *Wolfe v. Johnson*, 565 F.3d 140, 169 (4th Cir. 2009). Nonetheless, the court is "not obliged to accept allegations that 'represent unwarranted inferences, unreasonable conclusions, or arguments,' or that 'contradict matters properly subject to judicial notice or by exhibit.'" *Massey*, 759 F.3d at 353 (quoting *Blankenship v. Manchin*, 471 F.3d 523, 529 (4th Cir. 2006)). A court presented with a motion for judgment on the pleadings in a federal habeas case must consider "the face of the petition and any attached exhibits." *Walker*, 589 F.3d at 139 (quoting *Wolfe*, 565 F.3d at 169) (internal markings omitted). In addition, the court may consider "matters of public record," including documents from prior or pending court proceedings, when resolving the motion without converting it into a motion for summary judgment. *Id.* The Court "may also consider documents attached to the complaint ... as well as those attached to the motion to dismiss, so long as they are integral to the complaint and authentic." *Philips v. Pitt Cty. Mem'l Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009).

Knight asks the Court to construe his reply in opposition to Respondent's supplemental brief as a motion for summary judgment. (ECF No. 20 at 12). Summary judgment under Rule 56 of the Federal Rules of Civil Procedure "applies to habeas proceedings." *Brandt v. Gooding*, 636 F.3d 124, 132 (4th Cir. 2011) (quoting *Maynard v. Dixon*, 943 F.2d 407, 412 (4th Cir. 1991)). The Court will grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is

entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "[A] fact or facts are material if they constitute a legal defense, or if their existence or nonexistence might affect the result of the action, or if the resolution of the issue they raise is so essential that the party against whom it is decided cannot prevail." Charles Alan Wright, Arthur R. Miller &, Mary Kay Kane, *Federal Practice and Procedure*: *Civil* § 2725 (3d ed. 2005). On the other hand, a fact is not material when it is of no consequence to the outcome, or is irrelevant in light of the governing law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Assertions of material facts must be supported by "particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials." Fed. R. Civ. P. 56(c)(1)(A). In addition, only genuine disputes over material facts "will properly preclude the entry of summary judgment." *Anderson*, 477 U.S. at 248; *JKC Holding Co. v. Wash. Sports Ventures, Inc.*, 264 F.3d 459, 465 (4th Cir. 2001). A dispute is "genuine" when "there is sufficient evidence on which a reasonable jury could return a verdict in favor of the non-moving party." *Cox v. Cty. of Prince William*, 249 F.3d 295, 299 (4th Cir. 2001) (citing *Anderson*, 477 U.S. at 248).

Motions for summary judgment impose a heavy burden on the moving party, as it must be obvious that no material facts are in dispute and no rational trier of fact could find for the nonmoving party. *See Miller v. F.D.I.C.*, 906 F.2d 972, 974 (4th Cir. 1990). Nonetheless, the "mere existence of a scintilla of evidence" favoring the non-moving party will not prevent entry of summary judgment. *Anderson,* 477 U.S. at 252. While any permissible inferences to be drawn from the underlying facts "must be viewed in the light most favorable to the party opposing the motion," *Matsushita Elec. Indus. Co. v. Zenith*

*Radio Corp.,* 475 U.S. 574, 587 (1986), "[i]f the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Felty v. Graves-Humphreys Co.,* 818 F.2d 1126, 1128 (4th Cir. 1987) (quoting *Anderson,* 477 U.S. at 249–50).

## III.   <u>Discussion</u>

Knight unequivocally challenges the validity of his sentence and not its execution. As such, his filing is not a habeas petition under 28 U.S.C. § 2241; rather, it is a Motion to Vacate, Set Aside, or Correct a Sentence by a Person in Federal Custody pursuant to 28 U.S.C. § 2255. The law is well settled that § 2255 is the exclusive remedy for challenging the validity of a federal judgment and sentence. *See In re Vial,* 115 F.3d 1192, 1194 (4th Cir. 1997). A petition for a writ of habeas corpus under § 2241 is not an additional, alternative, or supplemental remedy to that prescribed under § 2255. *Davis v. Rickard,* No. 1:18-01192, 2019 WL 4780814, at *2 (S.D.W. Va. Sept. 30, 2019).

Knight argues that his petition is properly brought under § 2241 because he qualifies for the "savings clause" exception to § 2255. The savings clause is found in the last sentence of § 2255(e), as follows:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, *unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.*

28 U.S.C. § 2255(e) (emphasis added). As indicated, the savings clause will occasionally allow a § 2241 petition to take the place of a § 2255 motion, but not "merely…because an individual is procedurally barred from filing a Section 2255 motion," *Vial,* 115 F.3d at 1194 n.5, or simply because relief is unavailable due to the gatekeeping provisions of § 2255. *Young v. Conley,* 128 F. Supp.2d 354, 357 (S.D.W. Va. 2001). Instead, in the context of a

challenge to the validity of a sentence, the savings clause is available only when the petitioner can establish that: (1) at the time of sentencing, settled law of the circuit or the Supreme Court established the legality of the sentence; (2) subsequent to the petitioner's direct appeal and first § 2255 motion, the aforementioned settled substantive law changed and was deemed to apply retroactively on collateral review; (3) the petitioner cannot satisfy the gatekeeping provisions of § 2255(h)(2) for second or successive motions; and (4) due to the retroactive change, the sentence now presents an error sufficiently grave to be deemed a fundamental defect. *Wheeler*, 886 F.3d at 429. The Fourth Circuit held in *Wheeler* that the requirements of the savings clause are jurisdictional rather than procedural; therefore, if they are not met, the court does not have jurisdiction to entertain the § 2241 petition. *Id.* at 426. The petitioner bears the burden of establishing that a § 2255 motion is inadequate or ineffective and that the claim satisfies the savings clause requirements. *See Hood v. United States*, 13 F. App'x. 72 (4th Cir. 2001); *McGhee v. Hanberry*, 604 F.2d 9, 10 (5th Cir. 1979); *Hayes v. Ziegler*, No. 5:11-cv-00261, 2014 WL 670850 (S.D.W. Va. Feb. 20, 2014), *aff'd*, 573 F. App'x. 268 (4th Cir. 2014).

"In evaluating substantive claims under the savings clause ... we look to the substantive law of the circuit where the defendant was convicted." *Hahn v. Moseley*, 931 F.3d 295, 301 (4th Cir. 2019). On the other hand, procedural issues are governed by the procedural law of the circuit in which the petition is pending. *Id.* Knight was convicted in the Eastern District of Virginia, which sits within the Fourth Circuit. As he was incarcerated in the Southern District of West Virginia at the time he filed his habeas petition, he properly filed the petition in this Court. Therefore, the undersigned applies Fourth Circuit procedural and substantive law.

### A. *Availability of Relief Under the Savings Clause*

Knight challenges his sentence based on a career offender enhancement he received under the USSG when they were mandatory. He contends that a change in Fourth Circuit law—specifically, the Fourth Circuit's recent decision in *United States v. Norman*—in the context of the emerging legal landscape qualifies him to seek relief under the savings clause. However, because Knight cannot meet all four prongs of the *Wheeler* test, the undersigned **FINDS** that he is not entitled to use the savings clause to challenge his sentence under § 2241. The undersigned will address each prong of the *Wheeler* test as it relates to this claim.

### 1. Prong One—at the time of sentencing, settled law of the Fourth Circuit or the Supreme Court established the legality of the sentence.

Respondent argues that Knight cannot meet the first prong of the *Wheeler* test because at the time of his sentencing, "the settled law of the Fourth Circuit and the Supreme Court had not established the legality" of Knight's sentence. (ECF No. 17 at 13). Relying on *Norman*, Respondent reasons that the issue of whether a conspiracy conviction under § 846 qualifies as a controlled substance offense necessary to trigger the career offender enhancement was not resolved in 2003. Therefore, Knight "was not precluded by prior Fourth Circuit or Supreme Court precedent from asserting the claim that he asserts." (*Id.* at 14). Knight disagrees, citing to the Fourth Circuit's decision in *United States v. Kennedy*, 32 F.3d 876 (4th Cir. 1994), and similar cases that followed. (ECF No. 20 at 4).

In *Norman*, the Fourth Circuit held that conspiracy under § 846 does not qualify as a controlled substance offense allowing application of the career offender sentencing enhancement pursuant to USSG § 4B1.1. *Norman*, 935 F.3d at 238. Thomas Norman,

convicted of illegal firearm possession, received a six-level enhancement to his sentence under the USSG due to a prior conviction for conspiracy to possess cocaine and cocaine base. *Id.* at 234–35. He appealed his sentence to the Fourth Circuit, challenging, *inter alia*, the application of the enhancement. *Id.* Under *Taylor v. United States*, 495 U.S. 575, 598. 600–02 (1990), when the USSG does not define an offense under § 4B1.2, courts must determine whether the offense falls within the "generic, contemporary meaning" of the crime. Norman argued that the enhancement was improper because conspiracy under § 846 does not require the government to prove that the defendant committed an overt act in furtherance of the conspiracy, whereas the generic definition of conspiracy *does* require proof of such an overt act. *Id.* at 237–38; *see also United States v. McCollum*, 885 F.3d 300, 308 (4th Cir. 2018). The Fourth Circuit agreed, joining other circuits in holding that a conviction under § 846 does not qualify as a controlled substance offense for the purpose of sentencing under USSG § 4B1.1 as § 846 is a "categorical mismatch to the generic crime of conspiracy enumerated in § 4B1.2." *Norman* at 239.

The Fourth Circuit took great pains in *Norman* to explain that there was no controlling precedent on the issue at hand, noting that the decision in *Kennedy* did not provide a "holding" as to whether an § 846 conspiracy constituted a controlled substance offense; rather, the parties in *Kennedy* argued about whether inclusion of conspiracy as a predicate controlled substance offense was in excess of the Sentencing Commission's authority. *Id.* at 239–241. Therefore, the court reasoned, *Kennedy* did not control the outcome of Norman's claim. *Id.* at 241.

The Fourth Circuit's decision in *Norman* occupies a peculiar place in the *Wheeler* analysis of Knight's instant petition. In short, while *Norman* is key to this Court's review of Prong Two, its underlying holding is less relevant for Prong One. In order to determine

whether controlling precedent established the legality of Knight's sentence, this Court must look not at *Norman*, but at the legal context at the time of sentencing and the now "decades-old cases" in which the Fourth Circuit "*assumed* that § 846 conspiracy convictions qualified as controlled substance offenses." *Norman* at 239 (emphasis in original). Those cases were not decades old in 2003; in fact, some were relatively new and even decided *after* Knight was sentenced. *See, e.g., United States v. Brandon*, 363 F.3d 341, 345 (4th Cir. 2004). At the time Knight was sentenced and for many years afterward, it was well-accepted that a conviction under § 846 qualified as a controlled substance offense for the purposes of enhancement under USSG § 4B1.1, despite the lack of a holding exactly on point. *See Kennedy*, 32 F.3d at 888 ("[The defendant's] instant offense of conviction—conspiracy to distribute cocaine in violation of 21 U.S.C. § 846—would clearly qualify as a career offender offense under the Guidelines provisions and commentaries."); *United States v. Walton*, 56 F.3d 551, 555 (4th Cir. 1995) (finding that appellant was a career offender and USSG § 4B1.1 applied in part because "his § 846 conviction in this case was for a controlled substance offense"); *Jeter v. United States*, No. CR 7:03-01094-HFF, 2008 WL 11429541, at *5 (D.S.C. Sept. 8, 2008) (citing *Kennedy* and rejecting § 2255 movant's argument that his § 846 conviction did not qualify him for career offender status); *United States v. Meadows*, No. 04-4396, 2006 WL 521706, at *3 (4th Cir. Mar. 3, 2006) ("We find that [the defendant] was properly sentenced as career offender. He had two previous qualifying convictions: one for conspiracy to possess with intent to distribute cocaine base and one for attempted burglary.").

In fact, the absence of a "holding" specifying that § 846 is a controlled substance offense signifies not that the law on this matter was unsettled but, to the contrary, the notion was so entrenched that zealous advocates had no non-frivolous basis on which to

advance it. *See Jones v. United States*, No. 1:16-CR-94-MOC-DLH-1, 2020 WL 7318140, at *5 (W.D.N.C. Dec. 11, 2020) (holding that defense counsel did not provide ineffective assistance for failing to object to career offender sentencing enhancement ***in 2017*** because it was not unreasonable to rely on *Kennedy* and such an objection "was not supported by existing precedent at that time"); *United States v. Davis*, 767 F. App'x 535, 536 (4th Cir. 2019) (holding same and characterizing a hypothetical objection to the 4B1.1 enhancement on the basis of a § 846 conviction as a "novel argument...unsupported by then-existing precedent"). Subsequent developments in the law, as discussed more thoroughly below, opened the door for such arguments, resulting in the holding in *Norman*. However, at the time Knight was sentenced, as the Fourth Circuit in *Norman* noted, courts based their holdings on the assumption that § 846 constituted a controlled substance offense. *See United States v. Williams*, 423 F. Supp. 3d 259, 268 (W.D. Va. 2019) ("Even though it appears that if [the defendant] were sentenced today he would not be found to be a career offender under *Norman*, at the time he was sentenced his classification as a career offender was consistent with the law.").

If it has any bearing on Prong One, the holding in *Norman* serves only to evince the established legality of Knight's sentence in 2003. While Norman's challenge to the use of his § 846 conviction as a controlled substance offense in his sentence calculation proved meritorious, his appeal ultimately failed because the Fourth Circuit found that the district court's application of the career offender enhancement was not "plain error." *Norman* at 241–42. In other words, *even as recently as 2018*, it was not plain error in this Circuit for a sentencing court to construe a § 846 conviction as a controlled substance offense. If a sufficient legal basis existed to allow Norman to receive his enhanced sentence in 2018, then clearly such a legal basis existed when Knight was sentenced in 2003.

Respondent would require Knight to provide this Court with a holding issued before his sentence specifying that § 846 was a controlled substance offense in order to satisfy Prong One. (ECF No. 17 at 14). Respondent reads the first prong of *Wheeler* not only extremely narrowly but incorrectly. The language of *Wheeler* does not require a petitioner to present a precedential holding on the exact issue that now gives rise to his claim. The test requires Knight to show that at the time he was given his sentence, settled law *established the sentence's legality*. That burden is met in this case. Therefore, the undersigned **FINDS** that settled law of the Fourth Circuit established the legality of Knight's sentence in 2003, and accordingly his claim satisfies Prong One of the *Wheeler* test.

### 2. Prong Two—subsequent to the prisoner's direct appeal and first § 2255 motion, the settled substantive law changed and was deemed to apply retroactively on collateral review.

Knight notes several changes in established law that took place after his direct appeal and first § 2255 motion. (ECF No. 20 at 6). First, he cites the Supreme Court's decision in *United States v. Booker*, 543 U.S. 220 (2005), which stripped the USSG of their mandatory force, rendering them merely advisory. (*Id*.). Next, he points to *Alleyne v. United States*, 570 U.S. 99 (2013), which determined that any fact which increases the mandatory minimum sentence for a conviction is an "element" of the crime and must be submitted to a jury. (*Id*.). Knight also notes the Supreme Court's decision in *Mathis v. United States*, 136 S. Ct. 2243 (2016), which further clarified and elucidated the categorical approach to designating a prior offense as a predicate offense for career offender sentencing outlined in *Taylor*. (*Id*. at 6–7). These changes ultimately culminated with the Fourth Circuit's decision in *Norman*, which squarely held that Knight's offense of conviction is not a controlled substance offense for the purposes of sentencing under §

16

4B1.1. (*Id.* at 7). According to Knight, these changes are retroactive on collateral review. (*Id.*). Respondent, on the other hand, asserts that *Norman* created "no change in the law regarding whether an § 846 conspiracy qualified as a controlled substance offense because there was not any precedent on the issue prior to [the Fourth Circuit's] decision." (ECF No. 17 at 14). He further argues that neither *Norman* nor *Mathis* has been made retroactive on collateral review. (*Id.* at 15).

Prong Two requires this Court to answer two questions: (1) has the relevant law changed? and (2) is that change retroactive on collateral review? For clarity, each question is addressed in turn below.

### 1. *Change in Substantive Law*

At the time Knight's sentence was enhanced, a conviction under § 846 was considered a "controlled substance offense," as defined in USSG § 4B1.2. Such a conviction triggered application of the § 4B1.1 career offender enhancement, increasing Knight's criminal history category from "V" to "VI" and resulting in a USSG sentence range of 262 to 327 months. (ECF No. 17-13). As Knight explains, many significant changes in the law of sentencing under the USSG and vital clarifications of *Taylor* followed his 2003 conviction and sentence. (ECF No. 20 at 6–7). Important to this matter, the Fourth Circuit ruled that the categorical approach to defining offenses in §§ 4B1.1 and 4B1.2 applied to federal offenses, and further ruled that the generic meaning of "conspiracy" under the USSG requires proof of an overt act in furtherance of the conspiracy. *United States v. McCollum*, 885 F.3d 300, 308 (4th Cir. 2018). Following the Fourth Circuit's unpublished decision in *United States v. Whitley*, 737 F. App'x 147, 149 (4th Cir. 2018), and its decision in *Norman*, a conviction under § 846 is no longer considered a controlled substance offense under the USSG because a conspiracy under §

846 does not require an overt act. *See Williams*, 423 F. Supp. 3d at 268 (noting that a defendant would no longer be considered a career offender under *Norman*).

Respondent argues that there has been no change in the relevant substantive law yet admits that "if [Knight] was sentenced today, he would not be designated as a career offender." (ECF No. 17 at 9). The *Norman* Court was careful to note that its decision did not overrule any binding precedential holdings, but nevertheless, a significant legal change occurred. The "assumption" that § 846 constitutes a controlled substance offense is now no longer adequate to bring a convicted person under the purview of § 4B1.1. Just because *Norman* did not overrule a precedential holding does not mean that settled, controlling law—which hinged on acceptance of the proposition that § 846 is a controlled substance offense—did not change. Furthermore, introduction of new precedent *is* a change in the law identified in Prong One. Therefore, the undersigned **FINDS** that a change in the relevant substantive law occurred after Knight's direct appeal and first § 2255 motion.

### 2. Retroactivity

A § 2255 movant attacking the validity of a sentence through a § 2241 petition must establish that the change in law "was deemed to apply retroactively on collateral review." *Wheeler*, 886 F.3d at 429; *see also Bousley v. United States*, 523 U.S. 614, 620 (1998). At present, *Norman* has not been deemed to apply retroactively on collateral review, and it does not appear that any court in the Fourth Circuit has had the opportunity to fully examine the issue in the context of *Wheeler. See United States v. Johnson*, No. 7:04-CR-128-1, 2020 WL 2563541, at *5 (W.D. Va. May 20, 2020) (noting that there has been no "indication that *Norman* has been made retroactively applicable on collateral review"); *United States v. Robinson*, No. 1:07-CR-00032-MR-4, 2020 WL 7080304, at *3

(W.D.N.C. Dec. 3, 2020) (declining to reduce the USSG range of a person seeking relief under the First Step Act on the basis of *Norman* as it "has not been deemed to apply retroactively"); *United States v. Kelly*, No. 3:03-CR-00200-GCM-CH, 2020 WL 7696094, at *3 (W.D.N.C. Dec. 28, 2020) (declining to rely on *Norman* to reduce movant's sentence under the First Step Act). *But see United States v. Stewart*, No. CR ELH-08-0415, 2020 WL 4432571, at *6 (D. Md. July 31, 2020) (determining that the District Court can use *Norman* to craft a reasonable new sentence under the First Step Act). For good measure, the undersigned also observes that the Tenth Circuit decision— *United States v. Martinez-Cruz*, 836 F.3d 1305, 1314 (10th Cir. 2016)—which the Fourth Circuit favorably cited in *Norman* likewise has not been held retroactive on collateral review, although it appears that no case in that circuit has addressed the issue either.

Based on a careful reading of *Wheeler* and its progeny, it is clear that this Court cannot unilaterally determine whether a given appellate decision is retroactive. The second part of Prong Two is written in passive voice, requiring that a petitioner show that the legal change "was deemed to apply retroactively." This implies that, absent an additional or separate decision deeming the change retroactive, a legal change by itself is insufficient to allow the claim to proceed under § 2241. The language on this point is ambiguous; it does not identify what authority or court may, or must, deem that a legal change is retroactive. However, a recent Fourth Circuit decision offers clues about the relationship between the decision creating a legal change and the retroactivity determination. In *Braswell v. Smith*, the Fourth Circuit found that Prong Two was satisfied when the case that signaled a substantive change in the relevant law—*United States v. Simmons*, 649 F.3d 237 (4th Cir. 2011)—was decided *before* the petitioner filed his first § 2255 motion but the decision deeming *Simmons* applied retroactively on

collateral review—*Miller v. United States*, 735 F.3d 141 (4th Cir. 2013)—was not decided until *after* the first § 2255 motion. 952 F.3d 441 (4th Cir. 2020). *Braswell* makes plain that satisfaction of Prong Two requires both a change in law and a distinct determination that the change is retroactive on collateral review.

As Knight argues, it does appear that, in line with Supreme Court and Fourth Circuit precedent, *Norman* should apply retroactively. The rule in *Norman* is new—as belabored above, its "result was not *dictated* by precedent existing at the time [Norman's] conviction became final." *Teague v. Lane*, 489 U.S. 288, 301 (1989) (emphasis in original); *see also Jones v. Zych*, 812 F. App'x 115, 121 (4th Cir. 2020) (applying the *Teague* framework to determine whether a rule is retroactive). Furthermore, it is substantive—it limits the reach of the USSG such that Knight's sentence, if handed down today, would be "a punishment that the law cannot impose upon him." *Schriro v. Summerlin*, 542 U.S. 348, 352 (2004); *see also Lester v. Flournoy*, 909 F.3d 708, 712 (4th Cir. 2018) (finding that a substantive change of law occurred when the Fourth Circuit determined that petitioner's predicate offense was not sufficient to trigger application of USSG § 4B1.1); *Miller v. United States*, 735 F.3d 141, 145 (4th Cir. 2013) ("A new rule is substantive 'if it alters the range of conduct or the class of persons that the law punishes.'") (quoting *Schriro*).

Nevertheless, "[t]o the extent petitioner is asking this court to deem authorities retroactive, it cannot." *Hunt v. Rickard*, No. CV 1:18-01371, 2021 WL 932035, at *8 (S.D.W. Va. Mar. 11, 2021). Only if the retroactivity determination has already been made can this Court pass on whether Knight's sentence violates the law. *Braswell* at 448 (4th Cir. 2020) ("It is the retroactive change, not just the change, in settled law that renders the sentence fundamentally defective."). Knight claims that *Mathis* "has been declared

retroactive" in other circuits, (ECF No. 20 at 8), as well as *Descamps v. United States*, 570 U.S. 254 (2013), (ECF No. 13 at 16), but Respondent notes correctly that the Fourth Circuit determined that *Mathis* and *Descamps* do not satisfy Prong Two in the *Wheeler* context because the cases did not announce a new substantive rule. (ECF No. 17 at 15). Knight provides this Court with no retroactive authority on which to base his claim. Therefore, because Knight cannot show that *Norman* or any other relevant authority was deemed retroactive on collateral review, the undersigned **FINDS** that he cannot satisfy Prong Two.

### 3. Prong Three—the prisoner is unable to meet the gatekeeping provisions of § 2255(h)(2) for second or successive motions.

The undersigned **FINDS** that Knight meets Prong Three because the change in law he relies upon is not one of constitutional interpretation and otherwise cannot meet the standard set forth in § 2255(h)(2). Knight has not obtained prior authorization from the Fourth Circuit to file a second or successive § 2255 motion.

### 4. Prong Four—due to the retroactive change of law, the sentence now presents an error sufficiently grave to be deemed a fundamental defect.

Respondent concedes that Knight has established Prong Four based on *Lester v. Flournoy*, 909 F.3d 708, 709 (4th Cir. 2018). In *Lester*, the Fourth Circuit considered whether the petitioner's sentence as a career offender could be challenged under the savings clause. Lester was convicted in 2004 of possession with intent to distribute crack cocaine and received a 22-year sentence. 909 F.3d at 709. The length of Lester's sentence was based upon the career offender guidelines of the USSG, which, as in Knight's case, were mandatory at the time of his sentencing. According to the career offender guidelines, Lester's sentence could be increased if he had two prior felony convictions for either controlled substance offenses or for crimes of violence. USSG § 4B1.1. The sentencing

21

court found that Lester qualified as a career offender in part due to a 1990 Georgia conviction for walkaway escape. Without the career offender enhancement, Lester's sentence would have been 11 years shorter. *Id.* Lester unsuccessfully appealed his sentence to the Eleventh Circuit and subsequently filed a § 2255 motion, which was also unsuccessful given the prevailing law at the time that walkaway escape was a crime of violence.

During the following years, however, the law changed in two significant ways. *Id.* at 710. First, the Supreme Court decided *United States v. Booker,* 543 U.S. 220 (2005), a case that altered the mandatory nature of the USSG, rendering them advisory only. Second, the Supreme Court ruled that "the generic crime of failing to report to prison was not a crime of violence." *Id.* (citing *Chambers v. United States,* 555 U.S. 122, 127-28 (2009)). The *Chambers* decision led both the Fourth Circuit and the Eleventh Circuit to issue decisions holding that the offense of walkaway escape was not a crime of violence. *Id.*

By this time, Lester was incarcerated in Virginia, which sits in the Fourth Circuit. Consequently, he filed a petition for habeas relief under § 2241. The district court in Virginia rejected Lester's petition on the ground that it was a § 2255 motion and did not qualify for review under § 2241. Lester appealed the district court's decision, which ultimately led to the Fourth Circuit's review of Lester's case under *Wheeler*.

Applying the first three prongs of the *Wheeler* test, the Fourth Circuit found that Lester's sentence was legal at the time it was imposed; that after his appeal and first § 2255 motion, the substantive law changed such that walkaway escape was no longer a crime of violence under the career offender guidelines; and that Lester could not meet the gatekeeping provisions of § 2255, because the change in law was one of statutory

interpretation, rather than constitutional law. *Id.* at 712. As to whether the new substantive law was retroactive in application, the Fourth Circuit concluded that "the government hasn't disputed that this new authority applies retroactively on collateral review." *Id.* Therefore, the only remaining issue in the case was whether Lester's alleged misclassification as a career offender met the fourth prong of *Wheeler* by constituting an "error sufficiently grave to be deemed a fundamental defect." *Id.* The Fourth Circuit ultimately concluded that such an error was sufficiently grave to proceed under § 2241 because the resulting, lengthy sentence was not discretionary, but was directed by the mandatory guidelines in place at the time. *Id.* at 714. Knight, too, was sentenced according to the mandatory USSG scheme. Therefore, the undersigned **FINDS** that Knight has established Prong Four.

### B. The Petition as a § 2255 Motion

The undersigned **FINDS** that because Knight cannot establish that his claim meets all four prongs of Wheeler, the claim cannot be brought in the instant § 2241 petition pursuant to § 2255(e). Inasmuch as Knight's claims are not properly brought under § 2241, his petition "must either be dismissed or construed as a section 2255 motion." *Pack v. Yusuff*, 218 F.3d 448, 452 (5th Cir. 2000). If this Court chooses to dismiss Knight's case, then he will be required to pursue his claim in the Sentencing Court. Unlike § 2241 petitions, which are brought in the district where the petitioner is incarcerated at the time that he files his petition*, see United States v. Poole,* 531 F.3d 263, 264 (4th Cir. 2008), Section 2255 directs the petitioner to "move the court which imposed the sentence" to vacate, set aside, or correct the sentence. 28 U.S.C. § 2255(a).

The Court could construe Knight's petition as a § 2255 motion and transfer it to the Sentencing Court; however, the undersigned **FINDS** no purpose in this exercise.

Knight's apparent lack of authorization from the Fourth Circuit to file a successive § 2255 motion, as required by § 2255(h) and 28 U.S.C. § 2244(b)(3)(A), eliminates any benefit to be gained from a transfer to the Sentencing Court. *See Harris v. Hogsten*, No. 1:13-11595, 2013 WL 6008496, at *2 (S.D.W. Va. Nov. 13, 2013); *Satcher v. Hogsten*, No. 1:13-0466, 2013 WL 5674856, at *2 (S.D.W. Va. Oct. 17, 2013); *see also United States v. Winestock*, 340 F.3d 200, 205 (4th Cir. 2003) ("In the absence of pre-filing authorization, the district court lacks jurisdiction to consider an application containing abusive or repetitive claims.").

As an alternative, this Court may exercise its authority under 28 U.S.C. § 1631, recharacterize the petition as a motion for pre-filing authorization, and transfer it to the Fourth Circuit for consideration. Title 28 U.S.C. § 1631 provides as follows:

> Whenever a civil action is filed in a court ... and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action ... to any other such court in which the action ... could have been brought at the time it was filed ... and the action ... shall proceed as if it had been filed in ... the court to which it is transferred on the date upon which it was actually filed in ... the court from which it is transferred.

Notably, the Fourth Circuit has declined to impose "a blanket policy of mandatory transfer of unauthorized successive petitions to th[e] court for consideration as [pre-filing authorization] motions;" instead, leaving district courts the discretion to determine whether the transfer of an unauthorized successive petition is "in the interest of justice." *Jones v. Braxton*, 392 F.3d 683, 691 (4th Cir. 2004). A district court may dismiss, rather than transfer, a petition that is meritless or time-barred. *United States v. McNeill*, 523 F. App'x 979, 984 (4th Cir. 2013) (citing *Phillips v. Seiter*, 173 F.3d 609, 610–11 (7th Cir. 1999)) (stating that the transfer of a frivolous, time-barred case is a waste of judicial resources) and *Galloway Farms, Inc. v. United States*, 834 F.2d 998, 1001 (Fed. Cir.

1987) (declining to transfer claims under § 1631 that were frivolous).

For an appellate court to grant a petitioner's request to file a second or successive § 2255 motion, the motion must contain:

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or

> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h); *see also Winestock*, 340 F.3d at 205. In considering whether a pre-filing authorization motion should be granted, the Fourth Circuit considers "whether the applicant made the requisite prima facie showing about a new rule of constitutional law," and whether the successive motion would be time-barred. *In re Vassell*, 751 F.3d 267, 270-71 (4th Cir. 2014). Here, "tak[ing] a peek at the merits" of Knight's claim, it appears that a transfer is not warranted because Knight does not satisfy the requirements of 28 U.S.C. § 2255(h), *Phillips*, 173 F.3d at 610. Therefore, the undersigned **FINDS** that transfer of Knight's petition would not be in the interest of justice. The undersigned notes, however, that Knight has filed motions for a sentence reduction in the Sentencing Court on the basis of the First Step Act. Accordingly, the substantive issues raised by Knight are pending in the jurisdiction with authority to modify Knight's sentence if appropriate.

### C.  Actual Innocence of Qualifying Offense

Knight advances another argument in support of his petition: he claims that he is entitled to relief because he is "actually innocent" of an offense that would qualify him for sentencing under § 4B1.1. (ECF No. 20 at 12). He relies on *United States v. Maybeck*, 23 F.3d 888 (4th Cir. 1994), in which the Fourth Circuit held that a § 2255 movant could challenge the application of the § 4B1.1 enhancement when it was revealed after his guilty

plea and sentence that he had not actually been convicted of the state crime of armed robbery. *Maybeck* has no application here. As the Fourth Circuit later explained, it "granted relief in *Maybeck* because the defendant clearly showed that he had not committed the crime on which the calculation of his sentence was based." *United States v. Pettiford*, 612 F.3d 270, 283–84 (4th Cir. 2010). In short, "actual innocence applies in the context of habitual offender provisions only where the challenge to eligibility stems from factual innocence of the predicate crimes, and not from the legal classification of the predicate crimes." *Id.* at 284. Knight does not contend that he is actually innocent of the offense under § 846, only that he was erroneously classified as a career offender. Therefore, the undersigned **FINDS** that Knight is not entitled to relief on this basis, and further **FINDS** that he is not entitled to summary judgment in his favor despite Respondent's failure to address this argument.

### D.  Grade A Supervised Release Violation

Knight makes brief mention of his Grade A supervised release violation "under § 7B1.4." (ECF No. 7 at 27). While this argument is hardly addressed in the parties' pleadings, Respondent notes that the revocation of Knight's supervised release in Case No. 3:95-cr-00058 in the Sentencing Court bears no relation to his status as a career offender in the criminal action for which Knight is currently serving his sentence. It is unclear what, if any, challenge Knight presents to the revocation of his supervised release even under a liberal construction of his petition. To the extent that he challenges his incarceration on the basis of his designation as a career offender, the above analysis applies. Therefore, the undersigned **FINDS** that Knight is not entitled to relief from his supervised release revocation.

## IV.    **Proposal and Recommendations**

For the aforementioned reasons, the undersigned respectfully **PROPOSES** that the District Court confirm and accept the foregoing findings and **RECOMMENDS** that Knight's Petition for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 and motion for summary judgment, (ECF Nos. 6, 20), be **DENIED;** that Respondent's request for dismissal, (ECF No. 17), be **GRANTED;** and that this action be **DISMISSED,** with prejudice, and removed from the docket of the court.

The parties are notified that this "Proposed Findings and Recommendations" is hereby **FILED**, and a copy will be submitted to the Honorable Frank W. Volk, United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen days (filing of objections) and three days (if received by mail) from the date of filing this "Proposed Findings and Recommendations" within which to file with the Clerk of this Court, specific written objections, identifying the portions of the "Proposed Findings and Recommendations" to which objection is made and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be provided to the opposing party, Judge Volk, and Magistrate Judge Eifert.

The Clerk is instructed to provide a copy of this "Proposed Findings and Recommendations" to Petitioner and counsel of record.

**FILED:**  April 29, 2021

Cheryl A. Eifert
United States Magistrate Judge